# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Case No. CR-06-226-M |
| ) | (CIV-08-506-M) |
| TRACI J. JOHNSON, ) | |
| ) | |
| Defendant-Movant. ) | |

## **ORDER**

Defendant-Movant Traci J. Johnson ("Johnson"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody on May 7, 2008. On August 6, 2008, Plaintiff-Respondent United States of America filed its response, and on August 31, 2008, Johnson filed an Addendum to her Motion to Vacate, Set Aside, or Correct Her Sentence Pursuant to 28 U.S.C. § 2255.

I. Background

On September 21, 2006, a federal grand jury in the Western District of Oklahoma indicted Johnson on fourteen counts, charging her with conspiring to distribute more than fifty grams of crack, maintaining a place for the distribution of illegal drugs, repeatedly distributing crack cocaine to an undercover police officer, and manufacturing crack. On November 20, 2006, pursuant to a written plea agreement, Johnson entered a plea of guilty to a one count Information that charged her with distribution of at least fifty grams of crack. On May 4, 2007, this Court sentenced Johnson to 210 months' incarceration.[1] Johnson did not file a direct appeal to the Tenth Circuit. On May 7, 2008, she filed the instant § 2255 motion.

---

[1] On July 24, 2008, this Court granted Johnson's Motion for Reduction of Sentence and reduced her sentence to 168 months' incarceration.

II. Discussion

Johnson asserts that her trial counsel was ineffective. To prevail on her ineffective assistance of counsel claim, Johnson must demonstrate:

> First . . . [that her] counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, [s]he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Further, Johnson bears the burden of identifying specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Finally, a court deciding an ineffective assistance of counsel claim need not address both prongs of the ineffective assistance of counsel standard if defendant fails to demonstrate either prong. *Strickland*, 466 U.S. at 697.

Johnson first claims that her trial counsel was ineffective because he failed to explain the details of the plea agreement to her. *See* 28 U.S.C.§ 2255 Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody at 4. The Court finds that this claim is nothing more than a conclusory allegation and is insufficient to support her ineffective assistance of counsel claim. Johnson has failed to explain which specific provisions of the plea agreement her trial counsel allegedly failed to explain, and therefore, has failed to meet her burden of proving specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

Additionally, at her change of plea hearing, Johnson acknowledged reading and understanding the plea agreement. *See* Change of Plea Tr. at 4–6, 11–12, 15. Further, in his affidavit, Johnson's trial counsel, Mr. Faulk, stated he adequately reviewed the details of the plea agreement with Johnson, and at no time, was he concerned that Johnson did not understand the details of the plea agreement. *See* Affidavit of Paul S. Faulk, attached as Exhibit 1 to United States' Response to Petitioner's § 2255 Motion at 1.

Second, Johnson claims that her trial counsel allowed the prosecutor to add additional charges after the plea agreement was signed. *See* 28 U.S.C.§ 2255 Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody at 4. After carefully reviewing the Plea Agreement, the Court finds that Johnson only pled guilty to distributing at least fifty grams of crack, and that no additional charges were added to the plea agreement after it was signed. *See* Plea Agreement at 2. The Court, therefore, finds Johnson's claim is insufficient to support her ineffective assistance of counsel claim.

Third, Johnson contends that her trial counsel failed to object to the gun enhancement. *See* 28 U.S.C.§ 2255 Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody at 4. After reviewing the Sentencing Transcript, the Court finds that given the overwhelming evidence that Johnson possessed firearms during the course of her drug activity, her trial counsel had no good-faith basis to challenge the gun enhancement, and therefore, finds that Johnson has not shown that her counsel's performance fell below an objective standard of reasonableness. *See* Sent. Tr. at 17; *see also* Affidavit of Paul S. Faulk, attached as Exhibit 1 to United States' Response to Petitioner's § 2255 Motion at 1 (stating that because of the overwhelming evidence against Johnson, he believed he "had no legal or factual objection to the gun enhancement.").

Finally, Johnson claims that her counsel failed to argue entrapment. *See* 28 U.S.C.§ 2255 Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody at 4. The Tenth Circuit has held that "[o]nce a defendant has ple[]d guilty, 'there will not be a further trial of any kind, so that by pleading guilty . . . the defendant waives the right to a trial.'" *See United States v. Riles*, 928 F.2d 339, 342 (10th Cir. 1991) (quoting Fed. R. Crim. P. 11(c)(4)). Further, "[b]y waiving the right to trial, a defendant waives non-jurisdictional defenses, including entrapment." *Id.* The Court finds that because Johnson knowingly and voluntarily pled guilty to distributing at least fifty grams of crack, her trial counsel could not argue entrapment at sentencing, and therefore, Johnson has not shown that her counsel's performance fell below an objective standard of reasonableness. Further, the Court finds that Johnson waived the non-jurisdictional defense of entrapment when she waived the right to a trial, and by waiving her trial right, admitted she was predisposed to commit the offense because "predisposition is the crux of the entrapment defense." *Id.*

Accordingly, for the reasons set forth above, the Court finds that Johnson's counsel was not ineffective. The Court, therefore, finds Johnson's § 2255 motion should be denied.

III. Evidentiary Hearing

As set forth above, Johnson's motion does not set forth a basis for relief from her conviction and sentence. Because that conclusion is conclusively shown from the record and from the nature of Johnson's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

4

IV.     Conclusion

For the reasons set forth above, the Court DENIES Johnson's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody.

**IT IS SO ORDERED this 26th day of April, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE